## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 15-20573-CIV-GAYLES/TURNOFF

EVANSTON INSURANCE COMPANY,

      Petitioner,

v.

HAVEN SOUTH BEACH, LLC, et al.,

      Respondents.

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Petitioner Evanston Insurance Company's Motion for Final Summary Judgment and Incorporated Memorandum of Law (the "Motion") [ECF No. 44]. The Court has considered the parties' written submissions, the record, and the applicable law. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

### I.      The Facts as Alleged in the Underlying Complaint

On January 30, 2014, Barbara Kaufman ("Mrs. Kaufman") and her husband, Donald Kaufman, ("Mr. Kaufman") (collectively the "Kaufmans") attended the Ninth Annual Taste of the Garden (the "Event") at the Miami Beach Botanical Garden. Haven South Beach, LLC ("Haven") was a food and beverage vendor at the Event. Haven served Mrs. Kaufman an alcoholic beverage containing liquid nitrogen.[1] Haven used the liquid nitrogen to create a smoky effect. Upon drinking the liquid nitrogen infused beverage, Mrs. Kaufman suffered injuries. The Kaufmans filed an action against Kryogenifex, Inc.; Miami Beach Garden Conservancy, Inc.; and Haven (collectively the

---

1      Respondent Kryogenifex, Inc. supplied Haven with the liquid nitrogen.

"Respondents"), asserting claims for strict liability and negligence and a derivative claim by Mr.

Kaufman (the "Underlying Complaint).

### II.        The Policy

At the time of the Mrs. Kaufman's injuries, Haven had an insurance policy (the "Policy")

with Evanston Insurance Company ("Evanston").  The Policy contains both a Commercial General

Liability Part (the "CGL Part") and a Liquor Liability Coverage Part (the "LLC Part").  The relevant

provisions provide:

### TOTAL POLLUTION EXCLUSION ENDORSEMENT

This insurance does not apply to:

f.      Pollution

(1)      "Bodily injury" or "property damage" which would not have occurred in whole or
part but for the actual, alleged or threatened discharge, dispersal, seepage, migration,
release or escape of "pollutants" at any time.

[ECF No. 44-2 at pg. 45].

CGL Section V – Definitions

15.      "Pollutants" mean any solid, liquid, gaseous or thermal irritant or contaminant,
including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  Waste
includes materials to be recycled, reconditioned or reclaimed.

[ECF No. 44-2 at pg. 20].

### SPECIFIED /DESIGNATED PREMISES/PROJECT LIMITATION

This insurance applies only to "bodily injury", "property damage", "personal and advertising
injury" and medical expenses arising out of:

1.      The ownership, maintenance or use of the premises shown in the Schedule (or
Declarations); or
2.      The project shown in the Schedule (or Declarations).

[ECF No. 44-2 at pg. 34].

## LIQUOR LIABILITY COVERAGE FORM

2.      Exclusions

This insurance does not apply to:

. . .

e.      Your Product

"Injury" arising out of "your product."  This exclusion does not apply to "injury" for which the insured or the insured's indemnitees may be held liable by reason of:

(1)      Causing or contributing to the intoxication of any person;

(2)      The furnishing of alcoholic beverages to a person under the legal drinking age or under the influence of alcohol; or

(3)      Any statute, ordinance or regulation relating to the sale, gift, distribution or use of alcoholic beverages.

[ECF No. 44-2 at pg. 23].

Section V – DEFINITIONS

10.      "Your product"

a.      Means:

(1)      Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(a)      You;

(b)      Others trading under your name; or

(c)      A person or organization whose business or assets you have acquired . . .

[ECF No. 44-2 at pg. 27].

**III.      The Current Action**

On February 12, 2015, Evanston filed this action against the Respondents, seeking a declaration that it had no duty to defend or indemnify Haven in the Underlying Action.  Evanston now moves for summary judgment, arguing that the (1) Pollution Exclusion; (2) Designated Premises Endorsement; and (3) "Your Product" Exclusion each bar coverage for the Kaufmans'

claims.  The Kaufmans filed a response to the Motion.  Evanston and the Kaufmans, at the Court's direction, also submitted supplemental briefs regarding the Pollution Exclusion.

## **LEGAL STANDARD**

Pursuant to Federal Rule of Civil Procedure 56(a) "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  "[T]he plain language of Rule 56[a] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

"The moving party bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Clark v. Coats & Clarks, Inc.*, 929 F.3d 604, 608 (11th Cir. 1991).  Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex*, 477 U.S. at 324.  Thus, the nonmoving party "may not rest upon the mere allegations or denials of his pleadings, but … must set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Scott v. Harris*, 550 U.S. 372, 378, 127 S.Ct. 1769, 167 L.Ed.2d 686 (2007).

## ANALYSIS

### I.  Insurance Policy Construction

#### A.  General Principles

The parties agree that Florida law applies to the Policy and this dispute.  Under Florida law, "[i]nsurance contracts are construed according to their plain meaning, with any ambiguities construed against the insurer and in favor of coverage."  *U.S. Fire Ins. Co. v. J.S.U.B., Inc.*, 979 So.2d 871, 877 (Fla. 2007).  If there is a dispute over coverage and exclusions, the Court employs a burden-shifting framework. *See E.S.Y., Inc. v. Scottsdale Ins. Co.*, No. 15-21349-CIV, 2015 WL 6164666 (S.D. Fla. October 14,  2015).  "A person seeking to recover on an insurance policy has the burden of proving a loss from causes within the terms of the policy[,] and if such proof of loss is made within the contract of insurance, the burden is on the insurer to establish that the loss arose from a cause that is excepted from the policy . . . ." *Id.* (quoting *U.S. Liab. Ins. Co. v. Bove*, 347 So.2d 678, 680 (Fla. 3d DCA 1977).  If the insurer is able to establish that an exclusion applies, the burden shifts to the insured to prove an exception to the exclusion.  *Id.*

#### B.  Duty to Defend and Indemnify

To determine whether Evanston had a duty to defend Haven, the Court looks only to the allegations in the Underlying Complaint and the terms of the Policy.  *See Jones v. Florida Ins. Guar. Ass'n, Inc.*, 908 So.2d 435, 442–43 (Fla. 2005).  If the allegations in the Underlying Complaint do not establish coverage, there is no duty to defend.  *James River Ins. Co. v. Bodywell Nutrition, LLC*, 842 F. Supp. 2d 1351, 1354 (S.D. Fla. 2012) (citing *Posigian v. American Reliance Ins. Co. of New Jersey*, 549 So. 2d 751, 753 (Fla. 3d DCA 1989)).  Unsupported and conclusory "buzz words" are insufficient to trigger coverage.  *State Farm Fire and Cas. Co. v. Steinberg*, 393 F.3d 1226, 1230 (11th Cir. 2004).  In addition, inferences are insufficient to trigger coverage. *Fun Spree Vacations,*

5

*Inc. v. Orion Ins. Co.,* 659 So. 2d 419, 421-22 (Fla. 3d DCA 1995) ("[T]he allegations in the complaint control in determining the insurer's duty to defend . . . inferences are not sufficient.") (citations omitted).  Where there is no duty to defend, there is no duty to indemnify.  *See E.S.Y.*, 2015 WL 6164666 at * 6 (citing *Farrer v. U.S. Fid. & Guar. Co.*, 809 So.2d 85, 88 (Fla. 4th DCA 2002)).

## II.  Evanston Has No Duty to Defend

### A.    Pollution Exclusion

Evanston argues that the Policy's Pollution Exclusion bars coverage for the Kaufmans' claims because Haven discharged, dispensed and/or released liquid nitrogen, a "pollutant," into Mrs. Kaufman's beverage.   The Kaufmans argue that the Pollution Exclusion is ambiguous.   The Kaufmans argue, in the alternative, that even if the exclusion is unambiguous, it does not bar their claims because liquid nitrogen is not a "pollutant" and Haven's intentional placement of the liquid nitrogen in Mrs. Kaufman's beverage does not constitute discharging, dispensing, and/or releasing a pollutant.

If the language of a policy is not ambiguous, the Court applies the plain language of the policy to the allegations in the Underlying Complaint.  *See Chestnut Assoc., Inc. v. Assurance Co. of America*, 17 F.Supp.3d 1203, 1209 (M.D. Fla. 2014).  Although courts generally resolve ambiguities in favor of the insured, "[o]nly when a genuine inconsistency, uncertainty, or ambiguity in meaning remains after resort to the ordinary rules of construction is the rule apposite.  It does not allow courts to rewrite contracts, add meaning that is not present, or otherwise reach results contrary to the intent of the parties."  *Excelsion Ins Co. v. Pomona Park Bar & Package Store*, 369 So. 2d 938, 942 (Fla. 1979.  "[W]here the language in a policy is plain and unambiguous, there is no special construction or interpretation required, and the plain language of the policy will be given the meaning it clearly expresses."   *Fla. Farm Bureau Ins. v. Birge*, 659 So.2d 310, 312 (Fla. 2d DCA 1994).  *See also*

*Nova Cas. Co. v. Waserstein*, 424 F.Supp.2d 1325, 1334 (S.D. Fla. 2006) (noting that a principle of Florida insurance law is that "plain meaning governs first and foremost").  Indeed, Florida courts have routinely held that pollution exclusions, nearly identical to the Pollution Exclusion in the Policy, are unambiguous and do not need special construction or interpretation.  *See Deni Associates of Florida, Inc. v. State Farm Fire & Cas. Ins. Co.*, 711 So.2d 1135, 1138 (Fla. 1998) (holding that pollution exclusion language was unambiguous and not limited to environmental pollutants); *Philadelphia Ind. Ins. v. Yachtsman's Inn Condo Assoc.*, 595 F.Supp.2d 1319, 1324 (S.D. Fla. 2009). The Court finds that the Policy's Pollution Exclusion, like the exclusion in *Deni,* is unambiguous. Accordingly, the Court must apply the plain meaning of the Pollution Exclusion to the allegations in the Underlying Complaint and determine whether Haven's act of pouring liquid nitrogen into Mrs. Kaufman's beverage constitutes the discharge, dispersal, or release of an "irritant or contaminant."

The Policy defines "pollutant" as any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste.  The Policy does not define "irritant" or "contaminant."  When faced with the same language in *Deni*, the Florida Supreme Court relied on Webster's Dictionary, which defined irritant as "an agent by which irritation is produced (a chemical)."  *Deni*, 711 So. 2d at 1139 (quoting WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY UNABRIDGED 1197 (1981)).  The court went on to hold that "[a]n irritant is a substance that produces a *particular* effect, not one that generally or probably causes such effects." *Id*. (finding ammonia was an irritant based on the facts of the case).  A substance does not always have to cause irritation to be an irritant.  Rather, the relevant inquiry should be whether the substance, as alleged in the underlying complaint, caused irritation.  *See Nova Casualty Co. v. Waserstein*, 424 F.Supp.2d 1325, 1334 (S.D. Fla. 2006) (finding bacteria to be a contaminant). Using this guidance, courts applying Florida law have found many different substances to be irritants

or contaminants.  *See e.g. Deni*, 711 So. 2d at 1139 (ammonia fumes an irritant); *Philadelphia Indemnity Ins. Co.*, 595 F.Supp.2d at 1324 (raw sewage, feces, and battery acid were irritants); *Chestnut Assoc., Inc.*, 17 F.Supp. 3d at 1209 (bodily fluid a pollutant under facts of case).

The Court finds that liquid nitrogen is an "irritant."  The Underlying Complaint alleges that Mrs. Kaufman's injuries are the direct result of her ingesting liquid nitrogen and that liquid nitrogen is "unreasonably dangerous by virtue of the product itself" and which has "dangerous propensities." *See* Underlying Complaint at ¶¶ 28a, 33.  Liquid nitrogen is considered hazardous by OSHA's hazard communication standard.  *See* ECF No. 59-2.  Based on its dangerous and hazardous properties and its particular effect on Mrs. Kaufman, liquid nitrogen is, at the very least, an irritant.  Accordingly, liquid nitrogen falls within the Policy's definition of a pollutant.

The Kaufmans argue that even if liquid nitrogen is a pollutant, Haven did not discharge, disperse, or release the liquid nitrogen.  Like irritant, the Policy does not define discharge, dispersal, or release.  This does not, however, render the Policy ambiguous.  *See Deni,* 711 So.2d at 1139 ("The mere failure to provide a definition for a term involving coverage does not necessarily render the term ambiguous.") (quoting *Jefferson Ins. Co. v. Sea World*, 586 So.2d 95, 97 (Fla. 5th DCA 1991)). Rather, such "terms must be given their everyday meaning and should be read with regards to ordinary people's skill and experience." *Migliano v. Universal Property & Cas. Ins. Co.*, 174 So.3d 479, 481 (Fla. 4th DCA 2015) (quoting *Harrington v. Citizens Prop. Ins. Corp.,* 54 So.3d 999, 1003 (Fla. 4th DCA 2010). "Florida courts will often use legal and non-legal dictionaries to ascertain the plain meaning of words that appear in insurance policies." *Id.* (citation omitted).

Merriam-Webster Dictionary defines the intransitive verb "discharge" as "to pour forth fluid or other contents."  "discharge, v.," Merriam-Webster.com, (Dec. 19, 2015), from http://www.meriam-webster.com/dictionary/discharge.  The allegations in the Underlying Complaint

clearly support a finding that Haven poured forth the liquid nitrogen, a "pollutant", into Mrs. Kaufman's beverage.  Accordingly, the Pollution Exclusion applies and bars coverage for the Kaufman's claims.

###   B.   Other Provisions

Because the Court has found that Evanston has no duty to defend based on the Pollution Exclusion, it will not fully address the other alleged bars to coverage.  The Court notes, however, that (1) the Designated Premises Endorsement and (2) the "Your Product" Exclusion do not bar coverage for the Kaufman's claims.  The Designated Premises Endorsement is, at best, ambiguous. *See Evanston Ins. v. Gaddis*, 2015 WL 7271951 (S.D. Fla. 2015) (finding identical  designated premises endorsement ambiguous); *Am Empire Surplus Lines v. Chabad House of N. Dade*, 771 F.Supp.2d 1336 (S.D. Fla. 2011) (attempt to modify a commercial general liability policy to a premises liability policy must be clear and unequivocal).  In addition, while the "Your Product" Exclusion likely bars coverage under the LLC Part, it would not exclude coverage under the CGL Part, and therefore would not be a complete bar to coverage.

## <u>CONCLUSION</u>

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that Petitioner Evanston Insurance Company's Motion for

Final Summary Judgment and Incorporated Memorandum of Law [ECF No. 44] is GRANTED.

Evanston has no duty to defend or indemnify Haven in the Underlying Action.  It is further

**ORDERED AND ADJUDGED** that this case is CLOSED.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 28th day of December, 2015.

DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE